# Klenke's Estate (No. 2).

*Will—Legacy—Specific legacy—Widow's election.*

Testator after providing for his wife gave to his stepson eighty shares of a water company's stock after the death of the widow, and a legacy of $1,500. He gave to his daughter his stock in a fire insurance company and after the death of the widow all his other stocks in which he had given his wife a life interest, except the eighty shares already given to the son. He left no estate to pay the money legacy. The widow elected to take against the will. *Held* (1), that the bequest of the fire insurance stock to the daughter and the water company's stock to the stepson were specific legacies accelerated in possession by the widow's election; (2) that as the water company's stock was reduced one third by reason of the widow's election, the interest of the stepson and the daughter in the remaining two thirds must abate together in proportion to their original holdings.

Argued Nov. 2, 1904. Appeal, No. 196, Oct. T., 1904, by Henry Clatty, from decree of O. C. Allegheny Co., June T., 1904, No. 135, dismissing exceptions to adjudication in estate of Henry Klenke, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the material portions of the testator's will were as follows :

" I also give to my wife the interests, or dividends on my stock in the Monongahela Water Company, German Fire Insurance Company of Pittsburg, and German National Bank of Pittsburg, and the interest on one thousand dollars, with the privilege to draw any part of the principal if necessary. But should my wife marry again, then she shall only receive what the law gives her as my widow.

" Then I give to my step-son Henry Clatty the sum of Fifteen Hundred Dollars to be paid to him by my executors within one year after my death.

" I also give to my step-son Henry Clatty after my wife's death, eighty shares of Monongahela Water Company's stock.

" Then I give to my daughter Mary Merritt, my stock in the Birmingham Fire Insurance Company, also my house and ground (with the reservations mentioned above excepted), also after my wife's death or marriage my daughter, Mary Merritt, all my stocks (excepting what I have given above to Henry Clatty) and the balance of money on interest at my wife's death."

The testator left no estate to pay the money legacy to the son.

The widow elected to take against the will.

OVER, J., filed the following opinion :

The question raised by the fifth exception of Mrs. Merritt to the decree is whether the benefits intended for the widow in the eighty shares of Monongahela Water Company stock bequeathed at her death to Henry Clatty should be sequestered to compensate the exceptant as a disappointed legatee. In Sandoe's App., 65 Pa. 314, it was held that " where a widow elects not to take under the will her substituted devises and bequests are a trust in her for the benefit of the disappointed claimants to the amount of their interest therein," and that a " court of equity will sequester the benefits intended for the wife to secure compensation to those whom her election disappointed." In applying this rule in Young's Appeal, 108 Pa. 17, the benefits intended for the widow, who refused to take under the will, in personalty bequeathed as pecuniary legacies payable at her death were sequestered to pay an annuity, and in relief of the residuary legatees. And in Bigham's App., 34 P. L. J. 304, affirming the decree in Davis' Estate, 33 P. L. J. 355, the benefits intended for the widow in real estate specifically devised, subject to a life estate in her, were sequestered to compensate residuary legatees who were held to be disappointed by the widow's election. However, in Ferguson's Estate, 138 Pa. 208, and Vance's Estate, 141 Pa. 201, it was

held that the rule could not be invoked in favor of residuary legatees, but as to disappointed devisees it has been reaffirmed and followed in Evans' Estate, 150 Pa. 212, and McIntosh's Estate, 158 Pa. 528.

If then Mrs. Merritt is disappointed as a specific legatee the benefits intended for the widow in this stock legacy should be sequestered to compensate her.    That she is disappointed by the widow's election is clear.    The Birmingham Fire Insurance Company stock was specifically bequeathed to her, was not included in the bequest to the widow for life, and had she accepted under the will, Mrs. Merritt would receive in this distribution all of that stock, whilst by reason of the widow's refusal she receives but two thirds of it.    It is not so clear that she is disappointed as to the bequest of the balance of the stock as that bequest is accelerated by the widow's election, and the benefits derived from this acceleration may compensate her for the one third of the stock taken by the widow.    But even if they should not, it is doubtful if she would be entitled to compensation, as this bequest, so far as it relates to the Monongahela Water Company stock, is subject to the prior bequest to Clatty ; with reference to it, it seems to be residuary, and if so, under the rule laid down in Vance's Estate, 141 Pa. 201 ; Ferguson's Estate, 138 Pa. 208, the legatee would not be entitled to compensation.

It is not necessary, however, to decide this question now ; but it can be raised when distribution is made of the dividends from this stock on the filing of the account of the sequestrator to whom the stock will be distributed, as can also the question as to whether Henry Clatty is entitled to participate in the distribution of the sequestered benefits on account of the failure of the pecuniary bequest to him.

*Error assigned* was the decree of the court.

*S. Schoyer, Jr.*, with him *John P. Hunter*, for appellant.

*A. W. Duff*, with him *Noah W. Shafer*, for appellee.

PER CURIAM, January 30, 1905 :

The legacy to appellant was " the sum of fifteen hundred dollars " to be paid to him within one year from testator's

death.  This was a plain, ordinary gift of money, with no specified fund out of which it was to be paid or on which it was to have a preference.  No doubt the testator thought there would be money to meet it, but in fact there was not, and he made no provision for such contingency.  That is the legatee's misfortune.

On the other hand, the legacy to his daughter, Mrs. Merritt, was a specific gift of stock.  It is true that except as to the Birmingham Insurance Company stock, the gift was in general terms and was postponed till the death of the widow, and then subject to the deduction of eighty shares of Monongahela Water Company stock in favor of Henry Clatty.  But neither of these provisions made the legacy in any sense residuary.  It was just as specific as if he had said "to Henry Clatty eighty shares and to Mary Merritt the remaining one hundred and seventeen shares of my Monongahela Water Co. stock."  The specific property given to each legatee was as clearly indicated in one case as in the other.

Appellant's fourth assignment of error is that the stock legacy given to him at the death of the widow is sequestered for the benefit of Mrs. Merritt.  If such disposition had been made it would have been error.  There is no occasion for sequestration or postponement of distribution.  The gifts of the stock to both the legatees stand on the same footing.  Both were specific, both were accelerated in possession by the widow's election not to take under the will and neither has any claim to precedence over the other.  But the testator had 197 shares, of which he gave eighty to Clatty and 117 to Mrs. Merritt.  By the widow's election there were only $131\frac{1}{3}$ shares left for both legatees and as they stand on the same footing they must abate together, each getting his proportion of $131\frac{1}{3}$ instead of his proportion of 197 shares.  But it is not clear that the court has made any disposition, but rather has merely postponed that question until the period of distribution and ordered the stock to be held in the meanwhile.  There appears to be no final decree on that subject and the fourth and fifth assignments of error are therefore overruled without prejudice to appellant's right to raise them hereafter at the proper time, should it be necessary.  As to the other assignments the decree is affirmed.